UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED
OCT 30 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 07-20368-B-7
                                      )
HARMOHINDER SINGH and                 ) Chapter 7.
PARMINDER KAUR,                       )
                                      )
      Debtor(s).                      )
_____)
                                      )
CHASE BANK, N.A.,                     )
                                      ) Adv. No. 07-2097-B
      Plaintiff(s),                   )
                                      ) MEMORANDUM DECISION ON
vs.                                   ) EX PARTE MOTION FOR
                                      ) DEFAULT JUDGMENT
                                      )
HARMOHINDER SINGH,                    )
                                      )
      Defendant(s).                   )
_____)

    Before the court is the Ex Parte Motion For Default Judgment filed September 6, 2007 (Dkt. 14)(the "Ex Parte Motion"). The complaint commencing this adversary proceeding was filed April 11, 2007 (Dkt. 1). It contains one claim for relief 11 U.S.C. § 523(a)(2)(A).[1]

    The complaint alleges the following facts: that this bankruptcy case was filed on January 19, 2007 (¶ 3), that

---

[1] Plaintiff neither alleges in the complaint nor argues in the Ex Parte Motion that the credit card charges in question were made for luxury goods or services within the meaning of 11 U.S.C. § 523(a)(2)(C)(i)(A)(I). All of the credit card charges in question were made at least 78 days before the bankruptcy filing and thus fall outside the 70-day period specified in 11 U.S.C. § 523(a)(2)(C)(i)(A)(II).

-1-

plaintiff issued a credit card to defendant (¶ 8), that defendant used the credit card, creating a balance due of $7,758.13 as of the date this bankruptcy case was filed (¶ 9), that between October 25, 2006 and November 1, 2006, defendant obtained $2,412.00 from cash advances and convenience checks charged to the credit card (¶ 10), that at the time defendant incurred charges [which charges are not specified] on the credit card, he was cognizant of his inability to repay the charges (¶ 11), that defendant "had to be cognizant" of the fact that he did not have the ability to repay the debt in full to plaintiff or any other credit card issuer (¶ 15), that defendant had a specific intent to defraud plaintiff by accepting benefits of cash advances and/or purchases without ever intending to pay for them (¶ 17), that defendant misrepresented his intention to pay for amounts charged to the credit card (¶ 18), that defendant intended for plaintiff to rely on his misrepresentations (¶ 19), that plaintiff relied on defendant's misrepresentations in extending credit to plaintiff (¶ 20), that plaintiff's reliance was reasonable (¶ 21) and that as a result of defendant's conduct, plaintiff has suffered damages in the amount of $2,412.00.

In addition, the complaint asserts a number of legal conclusions: that "by obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on this account, Defendant represented an intention to repay the amounts charged" (¶ 14), that "by reason of he foregoing, Defendant obtained money from Plaintiff through false pretenses, false representations and

actual fraud" (¶ 16) and that "pursuant to 11 U.S.C. § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $2,412.00" (¶ 23).

In order to obtain judgment on the complaint under 11 U.S.C. § 523(a)(2)(A), plaintiff must establish five elements, each by a preponderance of the evidence. The elements are:
(1) that the debtor made one or more false representations;[2]
(2) that at the time the representation(s) were made, the debtor knew it was or they were false;
(3) that the debtor made the representation(s) with the intention and purpose of deceiving the creditor;
(4) that the creditor relied on the representation(s); and
(5) that the creditor sustained the alleged loss and damage as the proximate result of the representation(s) having been made. Citibank South Dakota, N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1086-1087 (9th Cir. 1996).

The critical elements in this case are (1) and (3).

---

[2] The standard set forth in Eashai and the cases on which it relied does not include the word "false" in element (1). However, element (2) (knowledge of the falsity of the representation) makes no sense unless the representation was false. See In re Rountree, 478 F.3d 215, 218 (4th Cir. 2007)("The court considered all five elements of fraud [under 11 U.S.C. § 523(a)(2)(A)]-(1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages...."). See also Fanucchi & Limi Farms v. United Agri Products, 414 F.3d 1075, 1088 (9th Cir. 2005)("'Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.' Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir.2003) (internal quotation and citation omitted)."

Arguably, these elements are satisfied by the averments of paragraph 17 of the complaint. Federal Rule of Bankruptcy Procedure ("FRBP") 7008, incorporating Federal Rule of Civil Procedure ("FRCP") 8(d) provides "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

However, this is a default situation.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. [FN1] "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted). <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir.1977). The district court exceeded the requirements of the rule by taking extensive evidence on all allegations in the complaint including damages.
>
> FN1. Rule 55(b)(2) in pertinent part reads: If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may

```
          conduct such hearings or order such references as it
          deems necessary and proper. . . .
```

Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987).

In addition, a party is not entitled to judgment simply because no one opposes. All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 88 (9th Cir. B.A.P. 2007)("...default does not entitle a plaintiff to judgment as a matter of right or as a matter of law.").

The Ex Parte Motion is accompanied by a memorandum of points and authorities that cites many cases. However, the relevant Ninth Circuit authorities are summarized in one of them: Advanta National Bank v. Kong (In re Kong), 239 B.R. 815 (9th Cir. B.A.P. 1999). By use of a credit card, the cardholder makes a representation that he or she intends to pay for the charge being made. Id. at 820. If the cardholder uses the credit card harboring an undisclosed intent not to pay for the charge being made, he or she makes a false representation to the card issuer. Id. Whether the cardholder harbored an undisclosed intent not to pay for a charge on the credit card is determined under the totality of the circumstances test. Id. at 821. The totality of the circumstances test includes, but is not limited to, consideration of the twelve factors adopted by Citibank South Dakota, N.A. v. Dougherty (In re Dougherty), 84 B.R. 653, 657 (9th Cir. B.A.P. 1988). Id. The totality of the circumstances

-5-

test is also used to determine whether the cardholder intended to deceive the card issuer. <u>Citibank South Dakota, N.A. v. Eashai (In re Eashai)</u>, 87 F.3d 1082, 1088 (9th Cir. 1996).

Applying the foregoing to the Ex Parte Motion, Plaintiff has failed to show that element (1) or element (3) is established. Plaintiff points solely to defendant's financial condition at the time of the bankruptcy filing, as set forth in defendant's sworn schedules. Plaintiff refers to net monthly income of $1,650.00 and monthly expenses of $4,496.62. Plaintiff gratuitously opines from the foregoing facts, without explanation, that "it would appear as though the debtor has exhibited 'bad faith' in the filing of the Petition and Schedules." Plaintiff also inexplicably asserts "there is no evidence...[of a]...change in circumstance...such as unemployment, divorce, illness or disability."

Plaintiff ignores the fact that Defendant's Schedule I filed February 6, 2007 (Dkt. 8) states that debtor and his spouse ("Spouse" or "Joint Debtor") are separated, that Defendant has no income and that Spouse has $1,650.00 of monthly income. Plaintiff further ignores the fact that Defendant's Schedule J shows expenses for two households, including "Joint Debtor" expenses for rent ($650.00), electricity and gas ($150.00) and telephone ($50.00). Defendant's Statement of Financial Affairs filed February 6, 2007 (Dkt. 8) shows that an action for the dissolution of the marriage between Defendant and Joint Debtor was commenced in Sutter County Superior Court in 2006. The

Statement of Financial Affairs further shows, as Plaintiff acknowledges, that Defendant earned $8,400.00 in 2005, $8,660.00 in 2006 and $0.00 from January 1, 2007 through February 6, 2007.

The foregoing facts do not establish an intent not to pay credit card charges. They suggest a person who has lost a job and is going through a dissolution of his marriage.

To the extent that Plaintiff relies on Defendant's alleged inability to make even minimum payments on $28,000.00 of credit card debt, Plaintiff perhaps misunderstands the law. The representation made by a cardholder by use of a credit card is that he or she intends to repay the debt created by that use, not that he or she has the ability to repay the debt. American Savings Bank v. Anastas (In re Anastas), 94 F.3d 1280, 1285 (9th Cir. 1996)("We emphasize that the representation made by the card holder in a credit card transaction is not that he has an *ability* to repay the debt; it is that he has an *intention* to repay." ).

Certainly, the card holder's financial condition at the time the charges are made is Dougherty factor 5, and it is therefore unquestionably a relevant consideration in applying the "totality of the circumstances" test. Anastas, 94 F.3d at 1286. However, as pointed out above, Defendant's financial condition at the time of the bankruptcy filing appears consistent with a job loss and the dissolution of his marriage, conditions that may well have created temporary difficulties. It does not establish the absence of an intent to repay credit card charges.

For the foregoing reasons, the Ex Parte Motion will be

denied. The court will issue a separate order.

Dated: OCT 30 2007

                                    /s/ Thomas C. Holman
                                    United States Bankruptcy Judge

-8-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

See attached list

DATED: 10/31/07        By: *Marilyn Rigsby*
                           Deputy Clerk

EDC 3-070 (New 4/21/00)

Chase Bank USA, N.A.
c/o Jerome A. Yelsky
12100 Wilshire Blvd #1100
Los Angeles, CA 90025

Harmohinder Singh
2661 Drummond Dr
Yuba City, CA 95991